IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARIO GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBY PRISON CCC; CHIEF OF UNIT MANAGEMENT HATTON; WARDEN; UNIT MANAGEMENT TEAM CANNON,<br><br>Defendants. | Cause No. CV 21-099-GF-BMM-JTJ<br><br><br>ORDER |
| MARIO GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBY PRISON CCC; WARDEN; CHAPLAIN; CHIEF UNIT MANAGEMENT TEAM HATTON; UNIT MANAGEMENT TEAM CANNON,<br><br>Defendants. | Cause No. CV 21-100-GF-BMM-JTJ<br><br><br>ORDER |

On September 22, 2021, the Court received two letters from Plaintiff Gomez. In subject matter, the letters overlap. Each was filed as a civil complaint. The clerk notified Gomez of the opening of each case and the filing fee. Gomez

1

did not respond. On November 1, 2021, the Court ordered Gomez either to pay the filing fee for each case or to file a motion to proceed in forma pauperis. *See* Order (21-99 & 21-100 Doc. 3). On November 15, 2021, Gomez moved to proceed in forma pauperis and submitted an amended complaint in each action. The amended complaints continue to overlap as to subject matter.

At a later time, the Court may decide whether to maintain two separate cases or consolidate these two cases into one. At this time, the following matters require attention.

## I. Motion to Proceed In Forma Pauperis

Gomez did not submit a statement of his inmate trust account statement covering the six-month period. *See* 28 U.S.C. § 1915(a)(2). The form motion he completed instructed him to do so, *see* Mot. to Proceed (Doc. 4) at 1, as did a letter written by the clerk. Gomez must obtain and submit the account statement.

Gomez is advised that, because he is a prisoner, he must pay the $350.00 filing fee even if his motion to proceed in forma pauperis is granted. Installment payments consisting of 20% of each month's deposits will be taken from his inmate trust account, provided the balance is at least $10.00. The total fee and the rate of withdrawal are established by Congress. The Court cannot alter them. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

## II. Screening

Because Gomez is a prisoner, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III. Gomez's Allegations

Gomez alleges, first, that Defendant Hatton "was staring" at Gomez's penis as he was urinating in his cell. Gomez told Hatton to leave, but Hatton said he would "not leave till he was done looking at me." Gomez says that, when he finished urinating, Hatton "pulled his mask down and smiled at me and said if there is anything I need or want to just ask him." Compl. (21-100 Doc. 1) at 1; *see also* Compl. (21-99 Doc. 1) at 1–2; Am. Compl. (21-100 Doc. 5) at 3, 4; Am. Compl. (21-099 Doc. 5) at 3, 4, 7–8.

Second, Gomez states that he attempted to report this incident under the Prison Rape Elimination Act ("PREA") but believes his grievances were intercepted and discarded before they reached the warden. He also states that he

3

was accused of lying. *See, e.g.*, Compl. (21-100 Doc. 1) at 1; Am. Compl. (21-100 Doc. 5) at 4, 7, 8.

Third, Gomez alleges that his legal mail is being opened and read before he receives it. *See, e.g.*, Am. Compl. (21-099 & 21-100 Doc. 5) at 3; Compl. (21-99 Doc. 1) at 1. He states that "letters stating legal stuff about prea and other stuff that I do not want this place reading" are not accepted as outbound legal mail. *See* Compl. (21-99 Doc. 5) at 3; *id*. at 1; Compl. (21-100 at 2); Am. Compl. (21-100 Doc. 5) at 3. He states that prison staff do not accept his writing to "the courts and lawyers about what's going on and me wanting to open a lawsuit" as legal work or legal mail, *see* Compl. (21-99 Doc. 1) at 1, so that he is "denied getting it signed," *id*. at 3. He says prison staff "want to listen to my legal calls and if they can't listen to them . . . I can not make any calls to a lawyer." *Id*. at 2. He says he tried to send letters to the court and lawyers but was told he could not send them out. *See* Compl. (21-100 Doc. 1) at 2; Am. Compl. (21-100 Doc. 5) at 4.

Fourth, Gomez alleges that, on or about August 13, 2021, the chaplain at Shelby told him "that me being Aztec or having Aztec blood is a lie and that Mexicans do not have a religion and if I wanted to fast for my gods that they will have no part in it and that if I need special meals that I have to order it my self." Compl. (21-99 Doc. 1) at 1; Am. Compl. (21-100 Doc. 5 at 4–5) (chaplain said "my religion is fake and me being mexican I don't believe nothing"). He states that

4

he "can't eat for days on end," Am. Compl. (21-99 Doc. 5) at 5, and also that he has not been "able to fast for my family that passed away and also for the gods I believe in," Am. Compl. (21-100 Doc. 5) at 5. He states that "Governor Greg Gianforte the Director Brian Gootkin and the wardens in Deer Lodge and Shelby all denied my religious practice and terrie stefalo." *Id.*

## IV. Discussion

Gomez brings suit under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Naffe v. Frey*, 789 F.3d 1030,1035–36 (9th Cir. 2015). As to each defendant he seeks to hold liable, a plaintiff must also show that the defendant's action or inaction caused or contributed to causing the alleged deprivation of his rights. *See, e.g.*, *Lacey v. Maricopa County*, 693 F.3d 890, 915–16 (9th Cir. 2012) (en banc).

### A. Sexual Harassment

A prison staff member violates the Eighth Amendment if, "without legitimate penological justification," he "touche[s] the prisoner in a sexual manner or otherwise engage[s] in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020); *see also*,

*e.g.*, *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); *Schwenk v. Hartford*, 204 F.3d 1187, 1196–97 (9th Cir. 2000).

Gomez does not claim that any contact occurred, that Hatton solicited sexual favors from him, or that Hatton otherwise sought to use his position as a correctional officer against Gomez in a sexual way. He points to no reason to infer that Hatton knew of and exploited any special vulnerability on Gomez's part. The facts alleged do not support an inference that Hatton acted for his sexual gratification or to humiliate, degrade, or demean Gomez. Hatton's alleged action is more like verbal harassment, which generally does not violate the Eighth Amendment. *See, e.g.*, *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

If Gomez believes there is more to his claim than the Court has understood, he must explain the relevant facts in his response to this Order.

**B. PREA Claim**

The Prison Rape Elimination Act authorizes the reporting of rape, grant allocation, and creation of a study commission. *See* 34 U.S.C. §§ 30301–30309 (formerly 42 U.S.C. §§ 15601–15609). It does not contain a private right of action or create a right enforceable under 42 U.S.C. § 1983. *See, e.g.*, *Gladney v. United States*, 858 Fed. Appx. 221, 223 (9th Cir. 2021) (unpublished mem. disp.), *pet. for cert. docketed*, No. 21-6504 (U.S. Dec. 3, 2021); *Porter v. Jennings*, No. 1:10-cv-

1811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases); *see also, e.g.*, *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms").

In addition, even if prison staff violated policy by discarding Gomez's grievances or kites, their actions did not violate the Constitution. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (noting that inmates have "no legitimate claim of entitlement to a grievance procedure.").

Gomez is entitled to communicate with the courts. His PREA claim appears to be better addressed with his claims concerning mail.

**C. Mail, Legal Mail, and Phone Calls**

The First Amendment entitles prisoners to correspond with persons outside prison, *see, e.g.*, *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam), and prisoners have a specially protected interest in corresponding with legal counsel, *see, e.g.*, *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). On the other hand, prisons have legitimate security interests in reviewing incoming and outgoing mail to ensure that, whatever its label, it does not in fact contain escape plans, contraband, material threatening the safety of the recipient, proposed

criminal activity, or coded messages. *See, e.g.*, *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *limited by Thornburgh v. Abbott*, 490 U.S. 401, 411–13 (1989); *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam); *Witherow*, 52 F.3d at 265–66. Rules governing incoming and outgoing mail must balance these interests. A prison may inspect all incoming and outgoing mail for security reasons, but not for the purpose of suppressing expression. *See, e.g.*, *Procunier*, 396 U.S. at 413–14. Prison staff may also open and inspect mail marked as "Legal Mail," but they must not read it, and, to ensure they do not, the prisoner is entitled to be present when staff open and inspect it. *See, e.g.*, *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006), *followed in Hayes*, 849 F.3d at 1209–11.

Not all communications concerning legal matters are true "legal mail." Notably, mail to or from state or federal courts is not legal mail. *See Hayes*, 849 F.3d at 1211; *Keenan*, 83 F.3d at 1094. An inmate is not entitled to label a letter as "legal mail" simply because it alleges someone has engaged in illegal behavior or because he does not want prison staff to read it.

Gomez does not adequately allege that mail addressed to or from his attorney, and properly marked as legal mail, was opened outside his presence. He may know of additional relevant facts showing who did what, when, where, and why his mail was protected legal mail. If so, he must say what the facts are in his response to this Order.

Gomez also alleges that he is not permitted to make phone calls unless prison staff are permitted to monitor them. But he does not allege that he had a specific need to use a telephone to conduct a legally privileged conversation and could not use legal mail instead. *See, e.g.*, *Keenan*, 83 F.3d at 1092. Again, if he knows of additional facts that support a claim, he must say what they are in his response to this Order.

If Gomez intends to allege that he was prevented from sending out mail at all, *see, e.g.*, Compl. (21-100 Doc. 1) at 2; Am. Compl. (21-100 Doc. 5) at 4, he must explain what he was not permitted to mail out, who prevented it and why, and when and where this occurred.

**D. Religious Diet**

As stated above, verbal harassment or incivility, even if rooted in religious bias or racism, does not violate the Constitution. *See Austin*, 367 F.3d at 1171; *Keenan*, 83 F.3d at 1092. Gomez's allegations concerning what the chaplain or head of the Religious Activities Center said to him do not state a claim.

Gomez's allegation that he requires special meals and has not been able to fast might state a claim. He must explain what his requirements are and how his ability to practice his religion is affected when they are not met. *See, e.g.*, *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015).

**E. Defendants**

Gomez also contends that the governor, the Director of the Department of Corrections, the wardens at Montana State Prison and Crossroads Correctional Center, and Terrie Stefalo all violated his right to practice his religion. He fails to allege facts supporting an inference that any of these individuals knew anything at all about his religion, his religious practices, or his dietary issues. To proceed, he must allege facts, if he knows of any, supporting an inference that each defendant's action or inaction caused or contributed to causing the alleged deprivation of his rights. *See, e.g.*, *Lacey v. Maricopa County*, 693 F.3d 890, 915–16 (9th Cir. 2012) (en banc).

The nature of Gomez's claim against Defendant Hatton is clear. But Gomez does not make clear who opened his mail and who failed to ensure he had adequate food. He names Cannon as a defendant, but he does not explain what Cannon did to violate his rights. As to each defendant Gomez intends to sue, he must explain what that person did to cause or contribute to causing a violation of his rights.

**F. Conclusion**

At this point, Gomez's pleadings do not state a claim on which relief may be granted. Gomez will have an opportunity to allege additional relevant facts, if he knows of any, supporting his claims.

Accordingly, IT IS ORDERED:

1. Ruling on Gomez's motions to proceed in forma pauperis (Doc. 4) is RESERVED.

2. On or before **December 31, 2021,** Gomez must submit a statement of his inmate trust account covering the period from May 16, 2021, to November 16, 2021, or the entire period he has been housed at Crossroads Correctional Center, whichever is shorter. Failure to do so will result in dismissal of this case with no further action.

3. Also on or before **December 31, 2021,** Gomez may advise the Court of any additional facts he believes to be true and relevant to support his claims.

DATED this 9th day of December, 2021.

_____
John Johnston
United States Magistrate Judge